IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MM & AM, minor plaintiffs,
by their mother DANIELLE MULLIN
402 Atwater Drive South
Malvern, PA 19355
    *Platiniffs*,
 v.

RELIASTAR LIFE INSURANCE COMPANY
20 Washington Ave. South
Minneapolis, MN 55440
    *Defendants*.

Case No:_____

FILED
MAR 16 2020
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## COMPLAINT

Plaintiffs MM and AM, by their mother Danielle Mullin, and through their attorney Gawthrop Greenwood, PC, hereby Complain of Reliastar Life Insurance Company and, in support thereof, state as follows:

### PARTIES

1. Plaintiff are MM and AM, the minor children of Danielle Mullin, all of whom reside at the above-captioned address and on whose behalf Ms. Mullin brings the instant claims.

2. Defendant is Reliastar Life Insurance Company, which purports to be a New York stock company with a home office at the above-captioned address.

### JURISDICTION & VENUE

1. This Court has personal jurisdiction over the defendant because there exist adequate contacts between Reliastar Life Insurance Company and the forum state: Reliastar sells life insurance products, including the life insurance policy specifically

1

involved in this action, within the Commonwealth of Pennsylvania and the Eastern District thereof.

2. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, because there is diversity of jurisdiction and the amount in controversy exceeds $75,000.

3. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in that District.

## *FACTUAL ALLEGATIONS*

4. On or about June 5, 2009, Dennis H. Mullin, Jr., purchased a policy of life insurance with a face amount of $1,000,000.00, referred to hereafter as "the Policy." (Attached at Exhibit "A").

5. The Policy defines itself as a "Non-Participating Indeterminate Premium Term Life Insurance Policy to Age 95 with Exchange Options and a Premium Adjustment provision.

   a. The Policy provided for premium payments of $116.60, due quarterly after June 6, 2009, during the initial term of the Policy, after which the Policy provided that "premiums may increase but will never be greater than those shown in the Schedule of Maximum Premium by Year."

   b. The Policy further provided that premium adjustments, if any, would be made not more than once a year, and that any "adjustment of premiums will be based on appropriate actuarial factors and expectations of future investment earnings, mortality, persistency and expenses."

  c. The Policy includes a suicide clause, which provides that if "the Insured commits suicide, while sane or insane, within two years of the Issue Date, we will pay only the amount of premiums paid to us."

  d. The Policy includes a Grace Period that provides that "payments must be made by the 31st day after the due date, otherwise this Policy will end. The Policy will be in force during these 31 days of grace. If the insured dies during the Grace Period, we will deduct any unpaid premiums from the Death Benefit."

  e. Finally, the Policy includes a Reinstatement Provision which provides that, if "the premium is not paid by the end of the Grace Period, we will allow this Policy to be put back in force, subject to the following: (1) Your request in writing in advance; (2) Evidence of insurability satisfactory to us; (3) Payment of premium for the Grace Period in which the premium was in default with 6% interest compounded annually, plus the current premium due for reinstatement; and (4) Your reinstating this Policy within 3 years of the due date of the first unpaid premium."

6. On or about February 1, 2012, Dennis Mullin changed his beneficiary from Danielle Mullin to MM and AM, his minor children.

7. Dennis Mullin paid premiums faithfully from the date the Policy went into force.

8. On or about July 11, 2019, Reliastar mailed Mr. Mullin notice that it had "not received the necessary premiums that are required to keep the [Policy] active. Because no payment has been received, the [P]olicy has lapsed without value effective July 11, 2019 and the valuable coverage it provided has been terminated." (Attached at Exhibit "B").

9. At some time, either before or after this notice of termination was mailed, Mr. Mullin sent Reliastar a check for $116.60, which is the full amount due. On

3

information and belief, it is alleged that the check was mailed on July 1, 2019—ten days in advance of the date Reliastar actually terminated the Policy.

10. If the check was in fact written and mailed on July 1, 2019, it is unlikely in the ordinary course of events that it arrived at Reliastar on or after July 11, 2019.

11. Regardless, Reliastar received and accepted the check, and deposited it into its own accounts.

12. On or about July 22, 2019, Reliastar mailed Mr. Mullin notice that the payment he submitted "in the amount of $116.60 will be returned under separate cover. We cannot accept the payment because your policy has lapsed." (Attached at Exhibit "C").

13. Reliastar did then mail Mr. Mullin a separate check, drawn on its own accounts, for $116.60.

14. Mr. Mullin died on September 25, 2019.

15. In spite of demand, Reliastar has failed to either issue benefits to the beneficiaries of the Policy or issue a denial letter.

### COUNT I: DECLARATORY JUDGMENT
*(Payment made within Grace Period)*

16. The foregoing paragraphs are incorporated by reference.

17. If, as it is alleged on information and belief, Mr. Mullin's check was mailed and received by Reliastar before July 11, 2019, then the Grace Period provision of the Policy requires that Reliastar treat the Policy as in force thereafter.

18. The next payment due in the ordinary course of events would fall on September 5, 2019, and the Grace Period for that payment would keep the Policy in force until October 5, 2019.

19. In other words, if Mr. Mullin's final check was received by Reliastar during the Grace Period that ran from June 5, 2019-through-July 11, 2019, then Mr. Mullin died during a period when the Policy was in force, and his beneficiaries MM and AM are entitled to receive a death benefit.

20. Under the terms of the Policy, that death benefit is reduced by the amount due for the unpaid final premium, and is therefore $999,883.40 together with judgment interest.

**WHEREFORE,** based on the foregoing, Plaintiffs respectfully request that this Court DECLARE that death benefits are due and owing to minor plaintiffs AM and MM in the amount of $999,883.40, together with pre-and post-judgment interest, costs, and such additional relief as this Court deems proper, and ORDER that Reliastar make payment of the death benefit to minor plaintiffs AM and MM as set forth in the Policy.

### COUNT II: DECLARATORY JUDGMENT
*(Payment made outside of Grace Period)*

21. The foregoing paragraphs are incorporated by reference.

22. It is alleged on information and belief that Mr. Mullin mailed payment of the full premium due on or about July 1, 2019, within the June 5, 2019-through-July 11, 2019 Grace Period.

23. It is therefore alleged on information and belief that Mr. Mullin's payment was received by Reliastar within the June 5, 2019-through-July 11, 2019 Grace Period.

24. If, in fact, that payment was received sometime after July 11, 2019, Reliastar's acceptance of the payment by cashing the check constitutes implied waiver of its right to terminate under *Schifalacqua v. CNA Ins.*, 567 F.2d 1255, 1258 (3d Cir. 1977) and related Pennsylvania case law.

25. It is alleged on information and belief that Mr. Mullin, relied on Reliastar's acceptance of his check as proof that the Policy was in force and took action or failed to take action as a result thereof.

26. Mr. Mullin's death occurred after his check was accepted by Reliastar and, if that acceptance and reliance thereon is found by this Court to constitute implied waiver of the right to terminate, the date of loss occurred following payment and at a time when the Policy was not in default.

27. In other words, if Mr. Mullin's final check was received by Reliastar after the Grace Period that ran from June 5, 2019-through-July 11, 2019, but Reliastar nevertheless accepted the check by cashing it, then the termination was impliedly waived thereby, Mr. Mullin died during a period when the Policy was in force, and his beneficiaries MM and AM are entitled to receive a death benefit.

28. Under the terms of the Policy, that death benefit is reduced by the amount due for the unpaid final premium, and is therefore $999,883.40 together with judgment interest.

**WHEREFORE,** based on the foregoing, Plaintiffs respectfully request that this Court DECLARE that death benefits are due and owing to minor plaintiffs AM and MM in the amount of $999,883.40, together with pre-and post-judgment interest, costs, and such additional relief as this Court deems proper, and ORDER that Reliastar make payment of the death benefit to minor plaintiffs AM and MM as set forth in the Policy.

### *COUNT III: BAD FAITH*

29.  The foregoing paragraphs are incorporated by reference.

30.  Reliastar has received proof of the fact and manner of Mr. Mullin's death, which is believed and therefore averred not to be disputed by Reliastar.

31.  Reliastar is aware of the date on which it received a premium payment from Mr. Mullin, and aware of the fact that it accepted that premium payment by cashing it.

32.  Reliastar's refusal to pay benefits or issue a denial letter is in bad faith.

**WHEREFORE,** based on the foregoing, Plaintiffs respectfully request that this Court award JUDGMENT in favor of minor plaintiffs AM and MM in the amount of $999,883.40, together with interest on that amount from September 25, 2019 at the prime rate of interest plus three percent, and such additional relief as may be provided by 42 Pa.C.S. § 8371.

### *JURY DEMAND*

33.  Pursuant to Fed.R.Civ.P. 38(b), Ms. Mullin demands a trial by jury on all issues so triable.

Respectfully submitted:

Date: *March 16, 2020*

By: _____
    Jack Larkin
    Pa. Supreme Court No. 307270
**Gawthrop Greenwood, PC**
17 East Gay Street
West Chester, PA 19381
ph:   610.696.8225
fax:  610.696.7111
em:  jlarkin@gawthrop.com