IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MM & AM, minor plaintiffs, by their mother DANIELLE MULLIN, | |
| Plaintiffs, | CIVIL ACTION NO. 20-1438 |
| v. | |
| RELIASTAR LIFE INSURANCE COMPANY, | |
| Defendant. | |

**OPINION**

**Slomsky, J.**                                                                                                                  **January 21, 2021**

**I.     INTRODUCTION**

This case involves a claim that a life insurance policy (the "Policy") was wrongfully terminated for nonpayment of a premium. (See Doc. No. 12 at 1 ¶ 1.) The Policy was issued by Defendant ReliaStar Life Insurance Company ("ReliaStar"). (See id.) Plaintiffs are minor beneficiaries under the Policy, which ReliaStar issued to their father, Dennis H. Mullin, Jr. ("Mullin"). (See id.; Doc. No. 9 at 2 ¶ 4.) Mullin has since died, and ReliaStar refuses to pay the life insurance benefits because it believes that the Policy lapsed before Mullin's death. (See Doc. Nos. 9 at 4 ¶¶ 13-14; 12 at 1 ¶ 1.)

On March 16, 2020, Plaintiffs' mother, Danielle Mullin, on their behalf, sued ReliaStar. (See Doc. No. 1.) On July 17, 2020, Plaintiffs filed a First Amended Complaint ("FAC") seeking in Count I a declaratory judgment for the full benefit amount because they contend that the Policy did not lapse, and in Count II damages for bad faith by ReliaStar in denying benefits under the Policy. (See Doc. No. 9.) On July 28, 2020, ReliaStar filed the instant Motion for Judgment on the Pleadings. (See Doc. No. 12 at 1.)

1

The Motion is now ripe for disposition. For reasons set forth below, Defendant's Motion for Judgment on the Pleadings (Doc. No. 12) will be denied.

## II.     BACKGROUND

This case arises from ReliaStar's failure to pay the life insurance proceeds to Plaintiff beneficiaries under the Policy. (See Doc. No. 12 at 1 ¶ 1.) In their pleadings, the parties allege the following facts. (See Doc. Nos. 9, 11.)

On June 5, 2009, Dennis H. Mullin, Jr. ("Mullin") purchased a life insurance policy from ReliaStar, which had $1,000,000 in coverage. (See Doc. Nos. 9 at 2 ¶ 4; Doc. No. 11-1 at 3.) The Policy required him to make $116.60 in quarterly premium payments and included a Grace Period for those payments. (See Doc. No. 9 at 2-3 ¶ 5.) The Grace Period was as follows:

> After the initial premium, payments must be made by the 31st day after the due date, otherwise this Policy will end. The Policy will be in force during these 31 days of grace. If the Insured dies during the Grace Period, we will deduct any unpaid premium from the Death Benefit.

(Doc. No. 11-1 at 13.)

On June 6, 2019, ReliaStar mailed to Mullin a notice (the "First Notice") stating that the Policy was in danger of lapsing because it did not receive a $116.60 quarterly payment. (See Doc. No. 11 at 5 ¶ 5.) In this First Notice, ReliaStar also noted that the Policy would lapse if it did not receive the quarterly payment by July 11, 2019, when the Grace Period for this payment would end. (See id.) On July 11, 2019, ReliaStar mailed to Mullin another notice (the "Second Notice") stating that it had "not received the necessary premiums that are required to keep the [Policy] active[,] [and] [b]ecause no payment has been received, the [P]olicy has lapsed . . . ." (Doc. No. 9 at 3 ¶ 8.)

About the time Mullin received the Second Notice, ReliaStar did receive a $116.60 check (the "July Payment") from Mullin that was dated July 11, 2019. (See id. at 4 ¶ 10; Doc. No. 11

2

at 6 ¶ 7.)  Despite the date on the check, ReliaStar considered the July Payment untimely because the check was "signed, mailed, and received after the Policy's Grace Period ended . . . ."  (Doc. No. 11 at 6 ¶ 7.)  ReliaStar, however, deposited the July Payment on July 18, 2019, and the check was time-stamped in ReliaStar's records as received on July 19, 2019.  (See Doc. Nos. 11-4 at 2; 14 at 9.)

On July 19, 2019, in a telephone call, an employee of ReliaStar informed Mullin that it considered the July Payment late because it was not received before July 11, 2019, the end of the Grace Period.  (See Doc. No. 11 at 6 ¶ 8.)  During that call, Mullin stated that he mailed the Payment on "Monday last week[,]" being July 8, 2019.  (Doc. No. 11-5 at 3 ¶ 20.)  On July 22, 2019, in accordance with this call and because of the alleged untimely Payment, ReliaStar mailed to Mullin a third notice (the "Third Notice") stating that the July Payment "will be returned" and that it "cannot accept the [P]ayment because [the] [P]olicy has lapsed."  (Doc. No. 9 at 4 ¶ 11.)  After this call, ReliaStar mailed Mullin a separate check for $116.60, the amount of the July Payment.  (See id. at ¶ 12.)

On September 25, 2019, Mullin died.[1]  (See id. at ¶ 13.)  As noted above, ReliaStar did not pay to Plaintiffs any life insurance benefit because it believed the Policy had lapsed due to the alleged late July Payment.  (See Doc. Nos. 9 at 4 ¶ 14; 11 at 6 ¶ 8.)

On March 16, 2020, Plaintiffs' mother, Danielle Mullin, on behalf of the minor Plaintiffs, sued ReliaStar.  (See Doc. No. 1.)  Thereafter, on July 17, 2020, Plaintiffs filed the FAC, seeking a declaratory judgment that ReliaStar received the July Payment before the Grace Period ended on July 11, 2019 and for this reason the Policy was in force, and also damages for bad faith.  (See Doc. No. 9.)

---

[1]  The record does not reflect what occurred between the parties from the end of July 2019 until September 25, 2019.

On July 28, 2020, ReliaStar filed the instant Motion for Judgment on the Pleadings (Doc. No. 12). In the Motion, ReliaStar alleges that it should be granted a judgment on the pleadings for three reasons. First, ReliaStar contends that Plaintiffs lack standing to seek a declaratory judgment. (See id. at 7-8 ¶¶ 19-20.) Second, it argues that Plaintiffs fail to plead sufficient facts to support the claim for which they seek a declaratory judgment. (See id. at 8-9 ¶¶ 21-25.) Finally, ReliaStar avers that Plaintiffs' bad faith claim also is not supported by sufficient facts. (See id. at 9-10 ¶¶ 26-30.)

On August 21, 2020, Plaintiffs filed a Response in Opposition to Defendant's Motion (Doc. No. 14). In their Response, Plaintiffs submit that they have standing to seek a declaratory judgment because they are beneficiaries under the Policy, and therefore their rights under the Policy vested when Mullin died. (See id. at 10-11.) They also argue that their declaratory judgment claim should not be dismissed because there is a factual question about when ReliaStar received the July Payment. (See id. at 8-10.) Plaintiffs do not address ReliaStar's attack on the bad faith claim.

On August 26, 2020, ReliaStar filed a Reply to Plaintiffs' Response in Opposition (Doc. No. 15). The Motion is now ripe for disposition. For the reasons set forth below, Defendant's Motion (Doc. No. 12) will be denied.

### III. STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, a court must consider only those documents contained in the pleadings. See Moco Invs., Inc. v. United States, 362 F. App'x 305, 307 n.4 (3d Cir. 2010) (explaining that the district court's consideration of documents outside the pleadings converted the motion for judgment on the pleadings into a motion for summary judgment).

A motion for judgment on the pleadings is analyzed under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004) (explaining that "[t]here is no material difference in the applicable legal standards" for Rule 12(b)(6) and Rule 12(c) motions). Like a motion to dismiss, under Rule 12(c), "the trial court must view the facts in the pleadings in the light most favorable to plaintiff and must grant the motion only if the moving party establishes that no material issues of fact remain[] and that it is entitled to judgment as a matter of law." Shelly v. Johns-Manville Corp., 798 F.2d 93, 97 n.4 (3d Cir. 1986); see also Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). A motion for judgment on the pleadings is granted only where "the plaintiffs would not be entitled to relief under any set of facts that could be proved." Green v. Fund Asset Mgmt., L.P., 245 F.3d 214, 220 (3d Cir. 2001).

### IV.    ANALYSIS

ReliaStar argues that the Court should grant its Motion for Judgment on the Pleadings (Doc. No. 12) for three reasons: (1) Plaintiffs lack standing to assert the declaratory judgment claim regarding the Policy (see id. at 7-8 ¶¶ 19-20); (2) Plaintiffs have not sufficiently pled a declaratory judgment claim (see id. at 8-9 ¶¶ 21-25); and (3) Plaintiffs have not sufficiently pled a bad faith claim (see id. at 9-10 ¶¶ 26-30). These three arguments will be discussed seriatim.

#### A.    Plaintiffs Have Standing to Assert a Declaratory Judgment Claim Regarding the Policy

In the FAC, Plaintiffs seek a declaratory judgment that the Policy was in effect because ReliaStar received the July Payment before the July 11, 2019 deadline, which they argue would render the Policy effective when Mullin died. (See Doc. No. 9 at 4-5 ¶¶ 15-17.) If the Policy was in force, Plaintiffs, as the Policy's beneficiaries, were entitled to receive the life insurance proceeds. (See id. at 5 ¶¶ 18-19.) ReliaStar argues, however, that Plaintiffs lack standing to

bring the declaratory judgment action because they are not in privity of contract with ReliaStar. (See Doc. Nos. 12 at 7-8 ¶¶ 19-20; 15 at 5-6 ¶¶ 12-17.)  Conversely, Plaintiffs submit that they have standing because once Mullin died, they became irrevocable beneficiaries under the Policy. (See Doc. No. 14 at 10-11.)

The law is clear that Plaintiffs have standing to seek enforcement of the Policy.  In Kucera v. Metropolitan Life Insurance Company, the Third Circuit Court of Appeals noted that under Pennsylvania law,[2]

> "It is clear that the mere naming of a beneficiary on a life insurance policy vests nothing in that person . . . ." Equitable Life Assur. Soc. v. Stitzel, 299 Pa. Super. 199, 204, 445 A.2d 523, 525 (1982).  The beneficiary's mere expectance becomes a vested right against the company only upon the death of the insured. Quinten v. United States Steel Corp., 186 Pa. Super. 384, 392, 142 A.2d 370, 374-75 (1958). See also Provident Mut. Life Ins. Co. of Philadelphia v. Ehrlich, 508 F.2d 129, 134 (3d Cir. 1975) (right to change beneficiary is personal to insured which cannot be abrogated by insurer); Sussman v. New York Life Ins. Co., 32 F. Supp. 88, 88-89 (E.D. Pa. 1940) (named beneficiary has no vested interest in policy or its proceeds during insured's lifetime).

719 F.2d 678, 680 (3d Cir. 1983).  In Kucera, the Third Circuit considered when a beneficiary's cause of action accrues and found it was "when one has the right to institute a suit." Id. at 681 (citation omitted).  With respect to life insurance beneficiaries, the Third Circuit found that a plaintiff's right to initiate suit as a beneficiary of a life insurance policy commences when "the named insured die[s]." See id.; see also id. at 679.

Applying Kucera to the instant matter, it is clear that Plaintiffs have standing to bring a declaratory judgment action as beneficiaries of the Policy.  Because Plaintiffs are the Policy's

---

[2]  The parties agree that Pennsylvania has personal jurisdiction over ReliaStar and that the Eastern District of Pennsylvania is a proper venue for this case.  (See Doc. Nos. 9 at 1-2 ¶¶ 1, 3; 11 at 2 ¶ 1, 3.)  Consequently, the Court will apply Pennsylvania law to this dispute.

named beneficiaries, their right to sue vested when Mullin passed away. Therefore, they have standing under the Policy to bring the declaratory judgment action.[3]

### B. Plaintiffs Have Sufficiently Pled a Claim to Support Their Request for Declaratory Judgment Relief

In Count I of the FAC, Plaintiffs seek a declaratory judgment that ReliaStar received the July Payment during the Grace Period, which ended on July 11, 2019. (See Doc. No. 9 at 4-5 ¶¶ 15-19.) If ReliaStar did receive the July Payment during this Period, Plaintiffs argue that the Policy was in force when Mullin died and they are entitled to the Policy's life insurance benefit. (See id. at 5 ¶¶ 18-19.) Conversely, ReliaStar contends that Plaintiffs' declaratory judgment action does not plausibly state a claim for declaratory relief. (See Doc. No. 12 at 8-9 ¶¶ 21-23.) In support of this argument, ReliaStar avers that it unambiguously received the July Payment after the Grace Period ended. (See id. at 9 ¶ 24.) The Court therefore will consider whether the allegations in the FAC, when viewed in a light most favorable to Plaintiffs, support a plausible claim that would entitle Plaintiffs to declaratory relief.

Plaintiffs allege that "Mullin's check was mailed and received by [ReliaStar] before July 11, 2019[,]" the last day of the Grace Period. (Doc. No. 9 at 4 ¶ 16.) To support this argument, Plaintiffs point to Mullin's statement during the July 19, 2019 call with ReliaStar and an alleged discrepancy in ReliaStar's records. They assert that during the July 19, 2019 call, Mullin stated

---

[3] ReliaStar's attempt to distinguish Kucera is unpersuasive because it contradicts both Kucera's facts and the reasoning of at least one post-Kucera decision. First, ReliaStar argues that Kucera is not applicable here because the alleged breach in this case occurred before Plaintiffs' rights vested, whereas the breach in Kucera occurred afterwards. (See Doc. No. 15 at 6 ¶ 16.) However, both in Kucera and the instant case, the alleged breach undergirding the denial of policy benefits occurred before the policy owner died. See Kucera, 719 F.2d at 680-81. (See also Doc. No. 9 at 4 ¶ 13.) Second, at the pleading stage, at least one other court in this District has found that a beneficiary had standing when a life insurance policy arguably lapsed before the policy owner died. See Hilston v. Am. General Life Ins. Co., No. 14-7269, 2015 WL 2232986, at *5 (E.D. Pa. May 12, 2015) (finding standing when letters from the defendant "unambiguously state[d] that the [p]olicy no longer provided coverage for the insured.").

that he mailed the July Payment "on Monday last week[,]" July 8, 2019, which supports their contention that ReliaStar received the July Payment before the Grace Period end date of July 11, 2019.  (Doc. No. 11-5 at 3 ¶ 20; see also Doc. No. 14 at 9.)

Plaintiffs also note that ReliaStar is not entitled to judgment on the pleadings because of an alleged discrepancy in ReliaStar's records.  (See Doc. No. 14 at 9.)  ReliaStar's records have a time-stamp date showing its receipt of the July Payment as July 19, 2019, one day after it allegedly deposited the Payment.  (See id.)  Plaintiffs argue that this time-stamp is inaccurate because ReliaStar could not have deposited the Payment before they received it.  (See id.)  Thus, they submit that this dichotomy highlights an inaccuracy in ReliaStar's records and supports Plaintiffs' argument that the July Payment was not received on July 19, 2019, but before that date.  (See id.)

At this stage, these facts are sufficient to support a plausible claim that Mullin tendered the July Payment on or before July 11, 2019 when the Grace Period ended.  For these reasons, Plaintiffs have pled sufficient facts to state a plausible claim for declaratory judgment relief, and ReliaStar is not entitled to judgment on the pleadings on Count I.

  **C.** **Plaintiffs Have Sufficiently Pled a Claim for Bad Faith**

In Count II of the FAC, Plaintiffs claim that ReliaStar refused to pay the Policy's benefits in bad faith.  (See Doc. No. 9 at 5 ¶¶ 20-23.)  "To succeed on a bad faith claim, a plaintiff-insured must prove: (1) that the insurer did not have a reasonable basis for denying benefits under the policy; and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis in denying the claim." Serino v. Prudential Ins. Co. of Am., 706 F. Supp. 2d 584, 592 (M.D. Pa. 2009) (first citing Northwestern Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005); then citing Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688

(Pa. Super. Ct. 1994); and then citing Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997)).

In support of their bad faith claim, Plaintiffs first assert that ReliaStar did not have a reasonable basis for denying them benefits due under the Policy because it knew Mullin died and "is aware of the date on which it received [the July Payment] from Mr. Mullin," which, as discussed previously, Plaintiff avers was before the end of the Grace Period. (Doc. No. 9 at 5 ¶¶ 21-22.)  Second, Plaintiffs submit that ReliaStar knew of or recklessly disregarded the lack of reasonable basis because it knew when it received and deposited the July Payment. (See id. at ¶ 22).  With this knowledge, ReliaStar refused to pay the Policy's benefits and never issued a denial letter. (See id. at ¶ 23.)  At this stage, viewing the facts in the light most favorable to Plaintiffs, they are sufficient to raise an inference that ReliaStar refused to pay under the Policy in bad faith.  ReliaStar, therefore, is not entitled to judgment on the pleadings on Count II.

V. **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (Doc. No. 12) will be denied.  An appropriate Order follows.