IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MM and AM, minor plaintiffs, by their mother DANIELLE MULLIN, <br><br> Plaintiffs, <br><br> v. <br><br> RELIASTAR LIFE INSURANCE COMPANY, <br><br> Defendant. | CIVIL ACTION <br> NO. 20-1438 |

**OPINION PURSUANT TO FEDERAL RULE TO CIVIL PROCEDURE 52(a)(1)**

**I.   INTRODUCTION**

This lawsuit arises from a life insurance policy purchased by Dennis H. Mullin, Jr. ("Mr. Mullin" or "Insured") from ReliaStar on June 5, 2009. (Ex. 1.) Dennis Mullin died on September 25, 2019. Plaintiffs in this case are Danielle Mullin and her two minor children, Max and Aiden. Defendant is ReliaStar Life Insurance Company ("ReliaStar"). In Count I of the Amended Complaint, Plaintiffs sought a declaratory judgment that, before his death, Dennis Mullin timely paid all premiums due to keep the policy in force and that the Court should order ReliaStar to make payment of the death benefit to minor Plaintiffs Max and Aiden, the named beneficiaries, as set forth in the policy. (See Doc. No. 9.)

The parties stipulated to relevant evidence and requested an advisory jury to decide whether an insurance premium (the "Check") was timely paid on or before July 11, 2019. If not, the policy

1

would lapse. The advisory jury decided that Plaintiffs' did not prove by preponderance of the evidence that ReliaStar received the Check on or before July 11, 2019. (Doc. No. 45.)[1]

## II. FINDINGS OF FACT

The parties stipulated to the following facts, which the Court specifically adopts here.

1. ReliaStar Life Insurance Company issued life insurance policy no. AD20167264 on June 5, 2009 (referred to as the "Policy"). Dennis H. Mullin, Jr. was the Policy's sole owner and insured (Mr. Mullin is referred to as the "Insured"). (See Ex. 1.)

2. The Policy defines "Owner" as "the person named in the application who may exercise all ownership rights granted under this Policy during the lifetime of the Insured. The word 'you' in this Policy refers to the Owner." The Insured was designated as the "owner" in the Policy's application. (Id.)

3. The Policy's owner was required to submit timely premium payments to ReliaStar to maintain the Policy's coverage. Here, the required quarterly premium payment was $116.60. As set forth on page 4 of the Policy, "[i]n order for a premium to be effective it must be received at the Administrative Office." (Id.)

4. The Policy includes a "Grace Period" provision that states: "[a]fter the initial premium, payments must be made by the 31st day after the due date, otherwise this Policy will end. The Policy will be in force during these 31 days of grace." (Id.)

5. On February 1, 2012, the Insured changed the Policy's beneficiary from Danielle Mullin to Max Mullin and Aiden Mullin, his minor children.

---

[1] Counts 2 of the Complaint alleging bad faith was withdrawn by Plaintiffs.

6. The Insured was to pay a quarterly premium of $116.60 by June 5, 2019 (the Policy's anniversary date). He failed to do so. (See Ex. 4.)

7. On June 6, 2019, ReliaStar sent the Insured a letter notifying him that the Policy was in danger of lapsing because he had failed to submit the premium payment. The letter further notified the Insured that the Policy's Grace Period would end on July 11, 2019, and that the required payment must be received by ReliaStar by that day or else the Policy would lapse. (Id.)

8. The Court finds, based on the verdict of the advisory jury, that ReliaStar did not receive the Check on or before July 11, 2019 and therefore ReliaStar properly terminated the life insurance policy. (See Doc. No. 45.)

### III. CONCLUSIONS OF LAW

The life insurance policy issued to Dennis Mullin by ReliaStar in 2009 was a valid contract and was not breached by Defendant ReliaStar. Since ReliaStar did not receive the premium payment of $116.60 by July 11, 2019, the policy was rightfully terminated and Plaintiffs are not entitled to receive the death benefit. An appropriate judgment will be entered.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

3